133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Estella SERNA-VARGAS, Defendant-Appellant.
 No. 96-50282.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1997.**
Decided Jan. 13, 1998.
 MEMORANDUM*
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges; WHALEY,*** District Judge.
 
 
 2
 Estella Serna-Vargas appeals her conviction and sentence for one count of illegal reentry by an alien deported after conviction for a felony in violation of 8 U.S.C. § 1326(a), (b)(1).
 
 
 3
 * Serna-Vargas argues that the district court erred in failing to suppress statements made to an Immigration and Naturalization Service ("INS") agent without benefit of Miranda warnings. Miranda v. Arizona, 384 U.S. 436 (1966). The district court held that Serna-Vargas had failed to allege any facts to support her contention that the statements were made while in "custody" within the meaning of our Miranda cases, ani therefore denied the motion without an evidentiary hearing. Serna-Vargas's attorney did not object to the denial of an evidentiary hearing.
 
 
 4
 The Supreme Court has established that Miranda warnings are required for custodial interrogation of prisoners. Mathis v. United States, 391 U.S. 1, 4-5 (1967). However, in applying Mathis, we have held that Miranda warnings are required only if the defendant is subjected to custodial interrogation, and we declined to create a per se rule that all prisoners are in custody for purposes of Miranda. Cervantes v. Walker, 589 F.2d 424, 427 (9th Cir.1979). To determine whether a prison interrogation is custodial, we set forth a four factor test focusing on additional restrictions on the prisoner. Id. at 428. The factors to be considered are the language used to summon the individual, the physical surroundings of the interrogation, the extent to which she is confronted with evidence of guilt, and the additional pressure exerted to detain her. Id.
 
 
 5
 Serna-Vargas was in jail on an unrelated charge when the INS agent questioned her about her immigration status. The district court noted, correctly, that there is no per se rule in this circuit which would hold that simply being in jail will satisfy the custodial requirement of Miranda. Id. at 427. However, the district court erred in concluding that the facts presented by Serna-Vargas were insufficient to require an evidentiary hearing to determine whether the statements should be suppressed. We explained in Cervantes that our holding harmonized with Mathis because Mathis involved an interrogation by non-prison employees who came into the prison to question a prisoner on an unrelated offense. Those circumstances would Likely amount to the "additional restrictions" on a prisoner's freedom which trigger Miranda protections, See Cervantes, 589 F.2d at 428. Similarly, here the fact that an INS agent entered the prison to question Serna-Vargas about an unrelated charge would likely satisfy the "additional restrictions" test of Cervantes.
 
 
 6
 However, this conclusion does not end our inquiry. Any error in denying the motion to suppress may have been harmless because of derivative evidence against Serna Vargas which would not have been subject to suppression unless her statements were coerced. See United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1048 (9th Cir.1990) (holding that evidence derived from inadmissible statements to INS is still admissible to prove violation of § 1326 so long as there is no evidence of coercion).
 
 
 7
 The government does not object to a limited remand for an evidentiary hearing to determine the circumstances of the interrogation. We therefore remand to the district court to conduct an inquiry into whether Serna-Vargas's statements were coerced, thereby requiring suppression of the derivative evidence.
 
 
 8
 On remand the district court must also determine whether the government offered sufficient admissable evidence to carry its burden of proof for each element of 8 U.S.C. § 1326(a), (b)(1), including proof that Serna-Vargas is an alien. See United States v. Ortiz-Lopez, 24 F.3d 53, 55-56 (9th Cir.1994) (holding that order of deportation is insufficient as a matter of law to prove alienage); United States v. Meza-Soria, 935 F.2d 166, 169-70 (9th Cir.1991) (explaining differing standards of proof in deportation proceedings and criminal trials); see also United States v. Contreras, 63 F.3d 852, 858 (9th Cir.1995) (finding sufficient evidence of alienage where prosecution offered additional evidence of alienage).
 
 
 9
 If there was insufficient admissable evidence presented at trial to support the conviction, then a new trial may be ordered to permit the government to present any other proper evidence it may have. See Lockhart v. Nelson, 438 U.S. 33, 40 (1988); United States v. Yin, 935 F.2d 990, 1001 (9th Cir.1991) ("The double jeopardy clause does not bar retrial after a reversal based on the erroneous admission of evidence if the erroneously admitted evidence supported the conviction.")
 
 II
 
 10
 Serna-Vargas also argues that the district court abused its discretion by denying a motion for a downward departure from the Sentencing Guidelines.
 
 
 11
 The district court may depart from the Guidelines where it finds that the facts of the case take it outside the "heartland" of typical cases considered by the Sentencing Commission. Koon v. United States, 116 S.Ct. 2035, 2045 (1996). Where a district court makes an error of law in refusing to depart from the guidelines, it abuses its discretion. Id. at 2047. We will only review a refusal to depart where the district court believed that it did not have legal authority to depart. See United States v. Lam, 20 F.3d 999, 1001 (9th Cir.1994). Serna-Vargas argues that the district court made an error of law in concluding that it lacked authority to consider a two-level downward departure based on her extensive ties to the United States because USSG § 5H1.6 makes family ties a "discouraged factor" in sentencing decisions, and because her theory of "de facto citizenship" was not a defense to the crime. The district court did not hold that it lacked authority to depart, it merely used these legal arguments to explain why it found that the facts of Serna-Vargas's case were not mitigating, atypical or outside the heartland of cases. As the court did not erroneously conclude that it lacked authority to depart, we dismiss this claim for lack of jurisdiction.
 
 
 12
 DISMISSED in part, REVERSED in part, and REMANDED for further proceedings.
 
 
 13
 O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:
 
 
 14
 I concur in Part II, but I respectfully dissent from Part I. Cervantes v. Walker, 589 F.2d 424, 427 (9th Cir.1979) required Serna-Vargas to demonstrate that she was subjected to "additional restrictions" on her liberty in order to demonstrate that she was "in custody" for purposes of Miranda. Cervantes instructs us to consider four factors in making this determination: the manner in which the prisoner was summoned, the physical surroundings of the interrogation, the extent of confrontation with evidence of guilt, and the pressure used to detain her. See Cervantes, 589 F.2d at 428.
 
 
 15
 In her motion to suppress the statements made to the INS Agent, Serna-Vargas identified the four factors to be considered to determine whether the interrogation was custodial. However, her supporting affidavit simply stated, "I was in custody. I do not recall being advised of my Miranda rights." The district court correctly denied the motion because it was unsupported by any factual allegations going to the four-factor Cervantes test. Her motion to reconsider and her appeal before us continue to lack any factual allegations regarding the circumstances of her interrogation.
 
 
 16
 I would affirm the denial of the motion to suppress.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a), Ninth Circuit R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit R. 34-4
 
 
 **
 * The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation